**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**HOUSE MANUFACTURING CORPORATION, Respondent.**

**No. 17777.**

United States Court of Appeals
Ninth Circuit.

Oct. 17, 1962.

Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Allison W. Brown, Jr., Leo N. McGuire, Melvin Pollack, Attorneys, National Labor Relations Board, Washington, D. C. and Roy O. Hoffman, Regional Director, N. L. R. B., San Francisco, Cal., for appellant.

Rutherford & Rutherford, and J. Bruce Fratis, San Francisco, Cal., for appellee.

Before MERRILL and BROWNING, Circuit Judges, and PENCE, District Judge.

PER CURIAM.

The National Labor Relations Board found that respondent had violated Section 8(a) (1) of the National Labor Relations Act (29 U.S.C. § 158(a) (1)) by interfering with, restraining, and coercing its employees in the exercise of rights guaranteed them by Section 7 of the Act (29 U.S.C. § 157). The Board entered an order requiring respondent to cease and desist and to take certain affirmative action. The Board has now petitioned this Court for enforcement. Respondent resists solely on the ground that there was no substantial evidence to support the Board's findings.

The evidence was far from compelling, but we cannot say that it was unsubstantial. It consisted principally of testimony regarding conversations between respondent's plant superintendent and several of respondent's employees. The testimony was conflicting, and conflicting inferences might have been drawn as to the meaning and effect of the conversations in the circumstances in which they occurred. A determination of the credibility of the principal witnesses was critical to the ultimate decision.

In reviewing a Board order in such a case, it is not our function "to judge the credibility of witnesses; * * or dispute the Board's choice between two fairly conflicting views, although this court might justifiably make a different choice were the matter before it de novo." N. L. R. B. v. Stanislaus Implement & Hardware Co., 226 F.2d 377, 381 (9th Cir. 1955).

Since no legal infirmity in the Board's order is suggested, and since we conclude that the order was "supported by substantial evidence on the record considered as a whole" (29 U.S.C. § 160 (f)), the order must be enforced.